UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 4:14-cv-10075-JLK

HARTFORD ACCIDENT AND
INDEMNITY COMPANY,

    Plaintiff,

v.

RICHARD D. SZUREK,

    Defendant.
_____/

**HARTFORD ACCIDENT AND INDEMNITY COMPANY'S
STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
<u>AS TO COUNT I OF THE AMENDED COMPLAINT</u>**

Plaintiff, HARTFORD ACCIDENT AND INDEMNIT COMPANY ("HARTFORD") by and through its undersigned counsel and pursuant to applicable *Federal Rules of Civil Procedure*, and S.D. Local Rule 7.1, hereby files this instant *Statement of Material Undisputed Facts In Support of Motion for Summary Judgment* ("Motion") as to Count I of the Amended Complaint for Damages ("Amended Complaint") against the Defendant, RICHARD SZUREK ("INDEMNITOR"), and as grounds therefor states as follows:

**A.    THE INDEMNITY AGREEMENT[1]**

    1.    Hartford is engaged in the business of providing surety bonds for the benefit of contractors and subcontractors.[2]

    2.    Merrimac Construction Company, Inc. ("Merrimac") provided general contracting services for public and private construction projects located throughout Minnesota.[3]

---

[1] All facts herein are stated in the *Affidavit of Sarah Wilson* ("*Wilson Aff.*").
[2] *Wilson Aff.* at 2.

3. On or around October 20, 2008, Merrimac and Defendant Joseph Szurek executed an Indemnity Agreement with Hartford in consideration of and as an inducement for Hartford to issue surety bonds on Merrimac's behalf.[4]

4. The Indemnity Agreement contains the following provisions:

> **3. Indemnity and Exoneration.** The Indemnitors are jointly and severally liable to Hartford, and will indemnify, exonerate and hold Hartford harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interest, attorney's fees, professional fees and consulting fees, which Hartford incurs or sustains (1) because of having furnished any Bond, (2) because of the failure of an Indemnitor to discharge any obligations under this Agreement, (3) in enforcing any of the provisions of this Agreement, (4) in pursuing the collection of any loss incurred hereunder, or (5) in the investigation of any claim submitted under any Bond.
>
> **6. Collateral Security.** On Hartford's demand, the Indemnitors shall deposit with Hartford an amount Hartford deems necessary to protect itself from all losses or expenses as soon as Hartford determines that liability exists or has a reasonable basis to believe that it may incur liability, whether or not Hartford has made any payment or created any reserve. Upon demand, Indemnitors also agree to pay an amount equal to the value of any assets or Bonded contract funds which Indemnitors diverted in violation of Paragraph 11 of this Agreement and/or to establish a trust account in accordance with Paragraph 11. Hartford may use these sums, or any part thereof, to pay such claims or to hold as collateral security against any loss, claim, liability or unpaid premium on any Bond for which the Indemnitors may be obligated to indemnify Hartford under the terms of the Agreement. The Indemnitors acknowledge and agree that the Indemnitors' failure to deposit with Hartford, immediately upon demand, the sum demanded by Hartford as collateral security shall cause irreparable harm to Hartford for which Hartford has no adequate remedy at law. Therefore, the Indemnitors agree that Hartford shall be entitled to injunctive relief for specific performance of said obligation of the Indemnitors and hereby waive any claims or defenses to the contrary.
>
> **7. Claim Settlement.** Hartford has the right to adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds without affecting the Indemnitors' liability under this Agreement. The Indemnitors shall immediately be liable to Hartford for all payments, plus interest thereon at the maximum rate permitted by law, from the date such payments are made by Hartford in the belief that either (1) Hartford was or might be liable therefore, or (2) they were

---

[3] *Wilson Aff.* at 3.
[4] *Wilson Aff.* at 4 and Exhibit 1.

2

necessary or advisable to protect Hartford's rights or to avoid or lessen Hartford's liability. Copies or other evidence of such payments, including records of any nature maintained by Hartford in the ordinary course of business, shall be prima facie evidence of the existence and extent of the liability of the Indemnitors to Hartford.

### B. THE BONDED PROJECTS

5. In reliance on and pursuant to the Indemnity Agreement, Hartford executed and delivered payment and performance bonds on behalf of Merrimac, as principal, for the following construction projects:[5]

| Bond Number | Owner | Contract Description | Amount |
|---|---|---|---|
| 41BCSFN0552 | Minnesota Department of Transportation | Maple Grove Maintenance Facility, Truck Station & Vehicle Maintenance Shop, Building No. 90992 | $14,589,021.00 |
| 41BCSGD5744 | Triton Public Schools, Independent School District #2125, Dodge Center, MN | Remodeling and Additions | $7,419,060.00 |
| 41BCSGD5752 | Special School District No. 1, Minneapolis, MN | Lake Harriet Lower Classroom Addition | $7,815,794.00 |

6. The total penal sum of the bonds issued by Hartford on behalf of Merrimac is $29,823,875.00.[6]

### C. PAYMENT BOND CLAIMS AND LAWSUITS, DEMAND FOR COLLATERAL, AND MERRIMAC'S BANKRUPTCY.

7. Hartford received claims from numerous subcontractors and suppliers alleging that Merrimac had failed to pay them for work performed on the Bonded Projects (the "Claims").[7]

---

[5] *Wilson Aff.* at 6 and Exhibits 2, 3 and 4.
[6] *Wilson Aff.* at 7 and Exhibits 2, 3 and 4.

8. Likewise, from April through August 2014, Hartford was named as a co-defendant with Merrimac in several lawsuits filed by subcontractors and suppliers on the Bonded Projects in Minnesota state court (the "Lawsuits"). The lawsuits alleged that Merrimac failed to pay for some or all of the work that was performed on the Bonded Projects.[8]

9. In light of the mounting bond claims and pending state court litigation, Hartford reasonably feared that it would continue to incur losses and expenses in connection with the Bonded Projects.[9]

10. Hartford therefore demanded that Merrimac and/or Szurek deposit collateral in the amount of $1,236,208.91 by August 22, 2014 to protect it from any loss on the Bonded Project.[10]

11. Neither Merrimac nor Szurek deposited collateral as demanded by August 22, 2014. Instead, Merrimac petitioned for bankruptcy. On September 4, 2014, Merrimac filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (the "Petition").[11]

12. As a result of Merrimac's bankruptcy filing, the automatic stay provisions of Section 362(a) of the Bankruptcy Code are now in effect, and Hartford cannot at this time look to Merrimac to fulfill its obligations under the Indemnity Agreement.

---

[7] *Wilson Aff.* at 8.
[8] *Wilson Aff.* at 9.
[9] *Wilson Aff.* at 10.
[10] *Wilson Aff.* at 11 and Exhibit 5.
[11] *Wilson Aff.* at 12 and Exhibit 6.

### D. HARTFORD'S LOSSES

13. Hartford has resolved all claims that it has received against its Bonds. Hartford has incurred costs and expenses in adjusting the claims, including attorney and consultant fees. Hartford has incurred expenses in enforcing its rights under the Indemnity Agreement.[12]

14. Hartford has submitted an Affidavit based on personal knowledge, and business records showing all payments made, and all recoveries received as a result of issuing Bonds on behalf of Merrimac. The payments and recoveries, by Bond number, are entered into Hartford's records contemporaneously with when they are made, and these Reports are standard business records of Hartford summarizing the payments and recoveries per bond number, kept in the ordinary course of Hartford's business.[13]

15. Hartford's total unreimbursed losses and expenses as a result of issuing bonds on behalf of Merrimac are $764,432.22.[14]

16. Hartford has made demand upon Szurek for indemnification of its losses, but Szurek has failed to indemnity or reimburse Hartford for any amount of the losses.[15]

                                              *s/Guy Harrison*
Guy W. Harrison (Florida # 368806)
ETCHEVERRY HARRISON LLP
Sabadell Financial Center
150 South Pine Island Road, Suite 105
Fort Lauderdale, FL 33324
Tel: 954-370-1681
Fax: 952-370-1682
Email: harrison@etchlaw.com

---

[12] *Wilson Aff*. at 14.
[13] *Wilson Aff*. at 15 and Exhibit 7.
[14] *Wilson Aff*. at 16.
[15] *Wilson Aff*. at 17.

Case No: 4:14-cv-10075-JLK

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Courts via CM/ECF and served on Pro Se Defendant, **Richard D. Szurek** at 408 Sawyer Drive, Cudjoe Key, FL 33042 by U.S. Mail on this 2nd day of June, 2017.

By:   */s/ Guy Harrison*
      Guy Harrison, Fla. Bar No. 368806
      Edward Etcheverry, Fla. Bar No.: 856517